**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| WILLIAM HALLEY | |
| | CAUSE NO. CV-04-206-M-DWM(LBE) |
| Plaintiff, | |
| | |
| vs. | FINDINGS AND RECOMMENDATION |
| | U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS, | |
| BILL CAREY, MIKE MCMEEKIN, | |
| and SUSAN HINTZ, | |
| | |
| Defendants. | |

_____

| | |
|---|---|
| THOMAS TUCKER, JR. | |
| | CAUSE NO. CV-04-210-M-DWM(LBE) |
| Plaintiff, | |
| | |
| vs. | FINDINGS AND RECOMMENDATION |
| | U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS, | |
| BILL CAREY, MIKE MCMEEKIN, | |
| and SUSAN HINTZ, | |
| | |
| Defendants. | |

_____

| | |
|---|---|
| MONTY RAY DAVIS, | |
| | CAUSE NO. CV-04-215-M-DWM(LBE) |
| Plaintiff, | |
| | |
| vs. | FINDINGS AND RECOMMENDATION |
| | U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS, | |
| BILL CAREY, MIKE MCMEEKIN, | |
| and SUSAN HINTZ, | |
| | |
| Defendants. | |

_____

_____

| | |
|---|---|
| WAYNE LEE KIBLER, | CAUSE NO. CV-04-224-M-DWM(LBE) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION<br>U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS,<br>BILL CAREY, MIKE MCMEEKIN,<br>and SUSAN HINTZ, | |
| Defendants. | |

_____

| | |
|---|---|
| JEROME S. GARDIPEE, | CAUSE NO. CV-04-225-M-DWM(LBE) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION<br>U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS,<br>BILL CAREY, MIKE MCMEEKIN,<br>and SUSAN HINTZ, | |
| Defendants. | |

_____

| | |
|---|---|
| EMANUEL LITTLEWOLF, | CAUSE NO. CV-04-226-M-DWM(LBE) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION<br>U.S. MAGISTRATE JUDGE |
| BARBARA EVANS, JEAN CURTISS,<br>BILL CAREY, MIKE MCMEEKIN,<br>and SUSAN HINTZ, | |
| Defendants. | |

_____

```
ANTON SHALINSKI,
                                        CAUSE NO. CV-04-232-M-DWM(LBE)
        Plaintiff,

        vs.                             FINDINGS AND RECOMMENDATION
                                        U.S. MAGISTRATE JUDGE
BARBARA EVANS, JEAN CURTISS,
BILL CAREY, MIKE MCMEEKIN,
and SUSAN HINTZ,

        Defendants.
  _____

CHARLES L. WASHINGTON,
                                        CAUSE NO. CV-05-105-M-LBE
        Plaintiff,

        vs.                             FINDINGS AND RECOMMENDATION
                                        U.S. MAGISTRATE JUDGE
BARBARA EVANS, JEAN CURTISS,
BILL CAREY, MIKE MCMEEKIN,
and SUSAN HINTZ,

        Defendants.
  _____

DOUGLAS D. DUNSTON,
                                        CAUSE NO. CV-05-106-M-LBE
        Plaintiff,

        vs.                             FINDINGS AND RECOMMENDATION
                                        U.S. MAGISTRATE JUDGE
BARBARA EVANS, JEAN CURTISS,
BILL CAREY, MIKE MCMEEKIN,
and SUSAN HINTZ,

        Defendants.
  _____

JASON S. NEELY,
                                        CAUSE NO. CV-05-132-M-LBE
        Plaintiff,

        vs.                             FINDINGS AND RECOMMENDATION
                                        U.S. MAGISTRATE JUDGE
BARBARA EVANS, JEAN CURTISS,
BILL CAREY, MIKE MCMEEKIN,
and SUSAN HINTZ,
        Defendants.
```

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

This matter is before the Court on Plaintiffs' Complaints filed pursuant to 42 U.S.C. § 1983.  The Court previously consolidated each of the above referenced cases.  However, a number of Plaintiffs have failed to keep the Court advised of their current address and the Court's Orders have been repeatedly returned in the mail.  Specifically, the Court has received returned mail from the following Plaintiffs:  Mr. Shalinski (See Dkt. #s 16, 23, 28, 42, and 50); Mr. Littlewolf (See Dkt. #s 22, 30, 44 and 49); Mr. Halley (See Dkt. #s 24, 41, 47, and 52); Mr. Kibler (See Dkt. #s 27, 45, and 48); Mr. Gardipee (See Dkt. #s 42 and 46); Mr. Washington (See Dkt. #s 4, 5 and 6 in Civil Action 05-CV-105-M-LBE); and Mr. Dunston (See Dkt. #s 68 and 73).

   Rule 5.5 of the Local Rules of Procedure for the United States District Court for the District of Montana provides that "An attorney or a party proceeding pro se whose address for service changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address for service."  The Rule further provides that "The Court may dismiss a complaint without prejudice or strike an answer when: (1) a document directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2) the Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address for service."

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 4

On January 12, 2006, the Court issued a Show Cause Order requiring Plaintiffs Shalinski, Littlewolf, Halley, Kibler, Gardipee, and Washington to update their address with the Clerk of Court and show cause, within ten (10) days of the date of this Order, why the case should not be dismissed for failure to comply with Local Rule 5.5.  None of these Plaintiffs responded to the Court's Order and in fact the Show Cause Orders and all subsequent Court mailings to these Plaintiffs have been returned.

On March 21, 2006, the Court granted Plaintiff Tucker's Motion for Appointment of Counsel and appointed Morgan Modine to represent those Plaintiffs whose current address was available from the Clerk of Court's office.  During the Preliminary Pretrial Conference held on June 1, 2006, Mr. Modine indicated that he would be representing Defendants Halley, Tucker, Neely and Davis in this matter.  Accordingly, it seems appropriate to dismiss the Complaints of Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. <u>Fendler v. Westgate-California Corp.</u>, 527 F.2d 1168, 1170 (9th Cir. 1975).  However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington's failure to update the Court with their current addresses, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983).  This Court's local rules require parties to keep the Court updated with their current address. Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington have failed to do so.  The Court must be able to manage its docket.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 6

the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Defendants cannot proceed in this matter against Plaintiffs who cannot be contacted. Given Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington's failure to provide an updated address, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. Id. Here, Plaintiffs have has left the Court with no alternatives as the Court has no way to contact them. The Court has the authority to dismiss a claim when a party fails to notify the Court of a change of address. Rule 5.4 of the Local Rules of Procedure for the United States District Court for the District of Montana states:

> (a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.
>
> (b) Dismissal Due to Failure to Notify. The Court may dismiss a complaint without prejudice or strike an answer when:

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 7

> 1) mail directed to the attorney or *pro se* party by the Court has been returned to the Court as not deliverable; and
>
> 2) the Court fails to receive within 60 days of this return a written communication from the attorney or *pro se* party indicating a current address.

Documents sent to Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington have been returned to the Court on a number of occasions as recently as March 29, 2006.

Although the Court could grant Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington additional time to respond, this alternative appears futile given these Plaintiffs' failure to keep the Court apprised of their current address.  Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide these Plaintiffs the chance to challenge this Court's rulings.

The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits.  Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction.

Accordingly, it being found that Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington have

refused to provide the Court with an updated mailing address and the Court finding that the relevant factors weigh in favor of dismissing their Complaints filed pursuant to 42 U.S.C. § 1983, the Court enters the following:

### RECOMMENDATION

The Complaints filed by Plaintiffs Shalinski, Littlewolf, Dunston, Kibler, Gardipee, and Washington should be **DISMISSED WITHOUT PREJUDICE**. The following cases should be closed by the Clerk of Court:

9:04-CV-00224-DWM-LBE–<u>Kibler v. Evans, et. al</u>

9:04-CV-00225-DWM-LBE–<u>Gardipee v. Evans, et. al</u>

9:04-CV-00226-DWM-LBE–<u>Littlewolf v. Evans, et. al</u>

9:04-CV-00232-DWM-LBE–<u>Shalinski v. Evans, et. al</u>

9:05-CV-00105-LBE–<u>Washington v. Evans, et. al</u>

9:05-CV-00106-LBE–<u>Dunston v. Evans, et. al</u>

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within

twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 6th day of June, 2006.

                                                        /s/ Leif B. Erickson
                                                        Leif B. Erickson
                                                        United States Magistrate Judge